# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HASKELL MAINE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>FRAUENHEIM,[1]<br><br>　　　　Respondent. | Case No. 1:19-cv-00862-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION<br><br>(ECF No. 13) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner was convicted by a jury in the Kern County Superior Court of two counts of second-degree murder (counts 1 and 2), gross vehicular manslaughter while intoxicated (count 3), and misdemeanor driving without a valid license (count 6). Petitioner was sentenced to an imprisonment term of: fifteen years to life on count 1; a concurrent fifteen years to life on count 2; and ten years plus two years on count 3, which was stayed. (LDs[2] 1, 2). On April 13, 2018, the California Court of Appeal, Fifth Appellate District remanded the matter for the trial court to correct a clerical error in the abstract of judgment and in all other respects affirmed the judgment. (LD 2). On May 15, 2018, Petitioner filed a petition for review in the California Supreme Court, which denied the petition on June 20, 2018. (LDs 3, 4).

---

[1] The correct spelling of Respondent's last name is Frauenheim. (ECF No. 13 at 1 n.1).
[2] "LD" refers to the documents lodged by Respondent on August 21, 2019. (ECF No. 14).

1

| | |
|---|---|
| 1 | Petitioner filed a state habeas petition and a petition for resentencing in the Kern County |
| 2 | Superior Court. Petitioner also filed a notice of appeal in the California Court of Appeal of the |
| 3 | denial of his resentencing petition. (ECF No. 13 at 2 n.2).[3] Petitioner did not file any state habeas |
| 4 | petitions challenging his convictions and sentence in the California Supreme Court. (Id. at 2). |
| 5 | On May 7, 2019, Petitioner filed the instant federal petition for writ of habeas corpus. |
| 6 | (ECF No. 1). In the petition, Petitioner asserts the following claims for relief: (1) ineffective |
| 7 | assistance of counsel for failing to excuse a juror who was a family member of the victim; (2) |
| 8 | denial of a fair trial because a family member of the victim was on the jury; (3) ineffective |
| 9 | assistance of counsel for failing to excuse a juror who knew the victim and the mother who was |
| 10 | also in the car at the time of the accident; and (4) denial of a fair trial because a member of the |
| 11 | jury knew the victim and the mother. (ECF No. 1 at 3–6). |
| 12 | On August 21, 2019, Respondent filed a motion to dismiss the petition as unexhausted. |
| 13 | (ECF No. 13). To date, Petitioner has not filed any opposition or statement of non-opposition to |
| 14 | the motion to dismiss, and the time for doing so has passed. |

**II.**

**DISCUSSION**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Respondent has lodged state court records that demonstrate Petitioner only presented two instructional error claims in his petition for review filed in the California Supreme Court. (LD 3). Given that Petitioner has not sought relief in the California Supreme Court on any of the claims

---

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

raised in the instant petition, this Court cannot proceed to the merits of said claims. 28 U.S.C. § 2254(b)(1).

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 13) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to exhaust state judicial remedies.

Further, the Clerk of Court is DIRECTED to amend the caption to reflect "Frauenheim" as Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30)** days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 18, 2019**

UNITED STATES MAGISTRATE JUDGE