UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HASKELL MAINE,<br><br>    Petitioner,<br><br>    v.<br><br>FRAUENHEIM,<br><br>    Respondent. | No. 1:19-CV-00862-DAD-SAB (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS</u><br><br>(Doc. Nos. 13, 15) |

Petitioner Joseph Haskell Maine is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 19, 2019, the assigned magistrate judge issued findings and recommendations, recommending that respondent's motion to dismiss be granted and the unexhausted petition for writ of habeas corpus be denied without prejudice due to petitioner's failure to exhaust his constitutional claims by first presenting them to the state high court. (Doc. No. 15.) The findings and recommendation were served on both parties and contained notice that any objections thereto were to be filed within fourteen (14) days of the date of service. No objections have been filed and the time in which to do so has now passed.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

The court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the court concludes that reasonable jurists would not find that the court erred in dismissing the pending petition due to petitioner's failure to first exhaust his claims in state court. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on November 19, 2019 (Doc. No. 15) are adopted in full;
2. Respondent's motion to dismiss (Doc. No. 13) is granted;
3. The petition for writ of habeas corpus is dismissed without prejudice due to petitioner's failure to exhaust his claims in state court;
4. The Clerk of Court is directed to close the case; and
5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **February 10, 2020**

UNITED STATES DISTRICT JUDGE

2

3